IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>    v.<br><br>CARLOS M. BORGES-SANCHEZ [2],<br><br>Defendant. | CRIMINAL NO. 11-536 (DRD) |

**REPORT AND RECOMMENDATION**

Defendant Carlos M. Borges-Sánchez was charged in Counts One, Two and Four of the Indictment and he agreed to plead guilty to Count Two of the Indictment. Count Two charges that, on or about November 21, 2011, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, aiding and abetting each other, did knowingly possess a machine gun, as that term is defined in Title 26, United States Code, § 5845(b), that is, a Glock pistol, Model 22, .40mm caliber serial number HES-268, loaded with .40mm ammunition, which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. All in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2) and 2.

On February 4, 2013, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count Two of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

<u>United States of America v. Carlos M. Borges-Sánchez [2]</u>
Criminal No. 11-536 (DRD)
Report and Recommendation
Page 2

relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count Two, he was examined and verified as being correct that: he had consulted with his counsel, José L. Barreto-Rampolla, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were

<u>United States of America v. Carlos M. Borges-Sánchez [2]</u>
Criminal No. 11-536 (DRD)
Report and Recommendation
Page 3

to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Barreto-Rampolla, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The statutory penalty for the offense charged in Count Two is a term of imprisonment of not more than ten (10) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00) and a term of supervised release of not more than three (3) years.

Pursuant to Count Two, Title 18, <u>United States Code</u>, Section 924(d), and Title 28, <u>United States Code</u>, Section 2461(c), the defendant stipulates, acknowledges and agrees to forfeit to the United States all right, title, and interest in any firearms and ammunition involved or used in the commission of the offense, including, but not limited to, a Glock pistol, Model 22, .40mm caliber, serial number HES-268, loaded with .40mm ammunition.

Defendant shall also pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of

United States of America v. Carlos M. Borges-Sánchez [2]
Criminal No. 11-536 (DRD)
Report and Recommendation
Page 4

Criminal Procedure)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to paragraph number Seven of the Agreement, the undersigned apprised defendant of the Rule 11(c)(1)(C) Warnings. To this effect, defendant [2] Carlos M. Borges-Sánchez is aware that his sentence is within the sound discretion of the sentencing judge and the advisory nature of the Sentencing Guidelines - including the Sentencing Guidelines Policy Statements, Application Notes, and Background Notes. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. The defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. If the Court rejects the Plea Agreement, the Court shall, on the record, inform the parties of this fact and afford the defendant an opportunity to withdraw the guilty plea, and advise the defendant that if the defendant persists in a guilty plea, the disposition of the case may be less favorable to the defendant than the defendant contemplated in the Plea Agreement. In addition, as part of the terms and conditions of the Plea Agreement, the parties agree that should the Court reject the Plea Agreement, the United States reserves the right to withdraw from its obligations under the Plea Agreement.

The above-captioned parties' estimate and agreement that appears on pages four, paragraph eight of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The Base Offense Level pursuant to U.S.S.G. §2K2.1(a)(5) is of Eighteen (18). Pursuant to U.S.S.G. § 2K2.1(b)(6)(B), an increase

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

of four (4) levels is agreed for possession of firearm or ammunition in connection with another felony offense. Pursuant to U.S.S.G. § 3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Nineteen (19).

The parties agree and recommend that the defendant be sentenced to a term of imprisonment of thirty-six (36) months, if the defendant's CHC is I. If the defendant's CHC is different than what the parties originally believed, the parties recommend a sentence that is one month below the higher end of the applicable guideline range for Offense Level 19.

The United States and the defendant agree that no further adjustment or departures to the defendant's offense level or agreed upon sentence shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this Plea Agreement. If the defendant's CHC is different than what the parties originally believed, any request by the defendant for a sentence below one month below the higher end of the applicable guideline range for Offense Level 19 will be considered a material breach of this Plea Agreement.

The parties do not stipulate as to any Criminal History Category for defendant.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Counts One and Four of the Indictment will be dismissed at sentencing.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged

the evidence of the government was fully disclosed to them and previously discussed between them. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph eleven (11) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and

understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content. Defendant was shown a written document entitled "Stipulation of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count Two was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count Two of the Indictment in Criminal Case No. 11-536 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count Two of the Indictment in Criminal Case No. 11-536 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be set before Honorable Daniel R. Domínguez, District Judge.

San Juan, Puerto Rico, this 5th day of February of 2013.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE